IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ERIC RANDALL NANCE                                                                    PLAINTIFF

Case Number: 4:05-CV-1745 JMM

J.R. HOWARD, Executive Director of the                                          DEFENDANTS
Arkansas State Crime Laboratory; EDDY EASLEY,
Prosecuting Attorney, Seventh Judicial District;
RON BALL, Sheriff of Hot Spring County and
HONORABLE PHILLIP SHIRRON,
Circuit Court Judge

## MEMORANDUM AND OPINION

Pending before the Court are Plaintiff's Complaint [Doc. No. 2] and Plaintiff's Motion for Temporary Stay of Execution [Doc. No. 3]. Defendants have responded with Defendants' Response to Plaintiff's Complaint [Doc. No. 4] and Defendants' Response to Plaintiff's Motion for Temporary Stay of Execution [Doc. No. 6]. Also before the Court are Plaintiff's Reply to Defendants' Response [Doc. No. 5] and Defendants' *Surreply* to Reply to Response to Plaintiff's Complaint [Doc. No. 7].

Having reviewed the pleadings and considered arguments made by both parties at the telephone conference on November 23rd, 2005 and for reasons explained thoroughly herein, Plaintiff's Complaint [Doc. No. 2] is HEREBY DISMISSED and Plaintiff's Motion for Temporary Stay of Execution [Doc. No. 3] is DENIED.

**Procedural History**

Plaintiff's case has been litigated extensively since 1994. A detailed account of the facts may be found in *Nance v. State*, 323 Ark. 583 (1996), *cert. denied* 519 U.S. 847 (1996) (hereinafter *Nance I*). With regard to the "hair evidence" that Plaintiff seeks access to in this action, the litigation has also been lengthy. It is important to review the procedural history of Plaintiff's case to fully appreciate the claim before the Court today. The following is a time-line and brief summary of Plaintiff's litigation:

1. *Hot Spring County Circuit Court*: On March 31, 1994, Plaintiff was convicted of capital murder and sentenced to death. The hairs in question were part of the evidence collected and maintained by the Arkansas State Crime Laboratory as evidence in Plaintiff's capital murder trial. During the trial, Plaintiff consulted a DNA expert but did not seek to utilize a DNA expert with regard to the hairs. Plaintiff concedes that the hairs were examined in preparation for his trial using a procedure known as microscopic comparison but asserts that there is more advanced technology currently available. Plaintiff claims the new testing may or may not provide exculpatory evidence with regard to the attempted rape charge and potentially make him "innocent of the death penalty."

2. *Arkansas Supreme Court*: Plaintiff's capital murder conviction and death sentence were affirmed by the Arkansas Supreme Court. *See Nance I*, 323 Ark. 583 (1996).

3. *Hot Spring County Circuit Court*: Plaintiff sought post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure. The Circuit Court denied relief on December 2, 1998.

4. *Arkansas Supreme Court*: The Arkansas Supreme Court affirmed the denial of post-conviction relief. *Nance v. State*, 339 Ark. 192 (1999)(hereinafter *Nance II*).

5. *United States District Court for the Eastern District of Arkansas*: Plaintiff filed a federal *habeas corpus* petition and an amended petition which this Court denied on January 22, 2003. During his *habeas* litigation, on March 1, 2001, Plaintiff filed an *Ex Parte* Motion for Funds for Expert Assistance in Hair and Hair Fiber Analysis, seeking the authorization of $2,500.00 for such services. In a sealed *Ex Parte* Order filed March 27, 2002, this Court denied Plaintiff's Motion for Funds and held the Motion in abeyance to allow Plaintiff's lawyer to contact an expert and provide the Court with further details. The Motion was denied without prejudice to renew once that information was obtained.

However, Plaintiff did not follow through and consult an expert or if he did so, the opinion of the expert was never presented to this Court. Plaintiff attacked the hair evidence in Claims II, III and XV of his *habeas* petition. [5:00-CV-00339, Doc. No. 12, page 6, 13,19-22, 32-33, 64, 72-73.] This Court rejected those claims in its January 22, 2003 Order. Specifically, this Court stated "the court had nothing before it to support [Nance's] allegation that false or misleading testimony was presented with regard to the pubic hairs found in the cab of [Nance's] truck." [5:00-CV-00339, Doc. No. 42, page 49.]

6. *Eighth Circuit Court of Appeals*: The Eighth Circuit affirmed this Court's decision in *Nance v. Norris*, 392 F.3d 284 (2004).

7. *United States Supreme Court*: The United States Supreme Court denied Plaintiff's petition for *certiorari* on October 3, 2005.

8. *Eighth Circuit Court of Appeals*: Plaintiff filed another action with the Eighth Circuit Court of Appeals requesting that the Court remand the case to district court for consideration of a claim under *Atkins v. Virginia*, 536 U.S. 304 (2002). The Eighth Circuit denied the motion to remand on February 8, 2005.

9. *Hot Spring County Circuit Court*: Pursuant to Arkansas Code Annotated §16-112-201, Plaintiff next filed a claim with the Hot Spring County Circuit Court requesting access and testing of the hairs in question. Specifically, the statute allows for post-conviction DNA testing. A hearing was held on August 31, 2005 and the request was denied in a written Order on September 6, 2005.

10. *Arkansas Supreme Court*: Plaintiff has appealed the Hot Spring County Circuit Court's denial of requested relief. The appeal is currently pending in the Arkansas appellate courts.

## Discussion

Plaintiff now brings the current § 1983 claim seeking access to the hairs and has also filed contemporaneously with the § 1983 action, a Motion for Temporary Stay of Execution. This Court must address two issues:

1. Does *Heck v. Humphrey* foreclose Plaintiff's § 1983 action where Plaintiff claims that he is not seeking a direct attack on his conviction or sentence?

2. Has Plaintiff stated a viable violation of a constitutional right that would establish a likelihood of success on the merits?

## 42 U.S.C.A. § 1983

Plaintiff filed his claim pursuant to 42 U.S.C.A. § 1983, alleging that Defendants' refusal to release biological evidence for the purpose of DNA testing is a violation of his constitutional rights conferred by the 14th and 8th Amendments. He further claims that he is only seeking injunctive relief and is not attacking his underlying conviction. Although he hopes that the evidence will be exculpatory and invalidate his death sentence, at this time he is only seeking access to the hairs for testing and nothing more. Defendants assert that despite what spin

Plaintiff puts on his argument, he is seeking access to the evidence to attempt to exonerate himself of the crime, which is an attack on his conviction. Specifically, Defendants argue Plaintiff is "setting the stage" to attack his conviction under *Heck v. Humphrey* and such action is strictly prohibited. *Heck*, 512 U.S. 477 (1994).

It is well settled law that a claim that directly attacks the validity of a conviction or necessarily implies the invalidity of a conviction is not available under § 1983. In *Heck*, the Supreme Court held that if a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged, or called into question by issuance of a federal writ of *habeas corpus*.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck*, 512 U.S. 477, 487 (1994).

In *Preiser v. Rodriguez,* 411 U.S. 475 (1973), the Court analyzed the important distinction between a *habeas* action and a § 1983 claim. In a *habeas* action, a Plaintiff is challenging the lawfulness of his incarceration. *Id.* at 484. In contrast, in a § 1983 action, a prisoner is challenging some aspect of the conditions of his confinement. *Id.*

Recently in *Wilkinson v. Dotson*, 125 S. Ct. 1242 (2005), the Supreme Court again addressed the permissibility of § 1983 actions and whether a claim is necessarily attacking a conviction. In *Dotson*, Ohio state prisoners were denied parole and sued under §1983. The suits

5

attacked the constitutionality of their parole eligibility proceedings and sought declaratory and injunctive relief requesting new parole hearings to be conducted under constitutionally permissible procedures. In that case, the Supreme Court reviewed the history of its opinions addressing prisoner suits under § 1983 and § 2254 *habeas corpus* actions.  The Court stated:

> These cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)- if success in that action would necessarily demonstrate the invalidity of confinement or its duration. Applying these principles to the present case, we conclude that respondents' claims are cognizable under § 1983, i.e., they do not fall within the implicit *habeas* exception. Dotson and Johnson seek relief that will render invalid the state procedures used to deny parole eligibility (Dotson) and parole suitability (Johnson). *See Wolff*, supra, at 554-555, 94 S.Ct. 2963. Neither respondent seeks an injunction ordering his immediate or speedier release into the community. *See Preiser*, 411 U.S., at 500, 93 S.Ct. 1827; *Wolff*, supra, at 554, 94 S.Ct. 2963. And as in *Wolff*, a favorable judgment will not "necessarily imply the invalidity of [their] conviction[s] or sentence[s]." *Heck*, supra, at 487, 114 S.Ct. 2364. Success for Dotson does not mean immediate release from confinement or a shorter stay in prison; it means at most new eligibility review, which at most will speed consideration of a new parole application. Success for Johnson means at most a new parole hearing at which Ohio parole authorities may, in their discretion, decline to shorten his prison term. See Ohio Rev.Code Ann. § 2967.03 (Lexis 2003) (describing the parole authority's broad discretionary powers); *Inmates of Orient Correctional Inst. v. Ohio State Adult Parole Auth*. 929 F.2d 233, 236 (6th Cir.1991) (same); see also Tr. of Oral Arg. 18 (petitioners' counsel conceding that success on respondents' claims would not inevitably lead to release). Because neither prisoner's claim would necessarily spell speedier release, neither lies at "the core of habeas corpus." *Preiser*, 411 U.S., at 489, 93 S.Ct. 1827. Finally, the prisoners' claims for future relief (which, if successful, will not necessarily imply the invalidity of confinement or shorten its duration) are yet more distant from that core. *See Balisok*, supra, at 648, 117 S.Ct. 1584.

*Dotson*, 125 S.Ct. 1242, 1248 (2005).

The Court found that the success of Plaintiffs' claims would result in injunctive relief and not a release from prison or lessening of their sentences.  Thus, the § 1983 claims were permitted.

Few cases have been decided since *Dotson* and the application of the Supreme Court's "success" or "outcome test" as opposed to the *Heck* "set the stage" test. The only Appellate Court to have addressed the issue is the Ninth Circuit in *Osborne v. Dist. Attorney's Office*, 423 F.3d 1050 (9th Cir. 2005). An Alaskan prisoner brought a § 1983 action to compel the State to release certain biological evidence that was used to convict him of kidnaping and sexual assault. Osborne alleged that by refusing him post-conviction access to the evidence, the State had violated his constitutional rights under the First, Sixth, Eighth and Fourteenth Amendments. In finding that *Dotson* permitted, and more importantly, that *Heck* did not bar a prisoner's § 1983 action seeking post-conviction access to biological evidence in the government's possession, the Court analyzed *Dotson* and *Heck*. The Court stated:

> We . . . agree with Osborne, and join the Eleventh Circuit in holding that *Heck* does not bar a prisoner's § 1983 action seeking post-conviction access to biological evidence in the government's possession. It is clear to us, as a matter of logic, that success in such an action would not "necessarily demonstrate the invalidity of confinement or its duration." *Dotson*, 125 S.Ct. at 1248. First, success would yield only access to the evidence-nothing more. *See Bradley*, 305 F.3d at 1290 ("[A prisoner] prevails in this lawsuit once he has access to that evidence or an accounting for its absence."). Second, further DNA analysis may prove exculpatory, inculpatory, or inconclusive; thus, there is a significant chance that the results will either confirm or have no effect on the validity of Osborne's confinement. *See Harvey II* at 308("That these scientific possibilities exist, in and of itself, suffices to establish that the asserted right of mere access is not a direct, or for that matter even an indirect, attack on one's conviction or sentence."). And third, even if the results exonerate Osborne, a separate action-alleging a separate constitutional violation altogether-would be required to overturn his conviction. *See id.*; *Bradley*, 305 F.3d at 1290.

*Osborne*, 423 F.3d 1050, 1053 (9th Cir. 2005).                         .

This Court recognizes that the Eighth Circuit has not yet announced its interpretation of *Dotson*. In addition, there is a split among the circuits and the application of *Heck*. This Court is persuaded by the Ninth Circuit's opinion and finds merit in Plaintiff's claim. The key to

7

Plaintiff's claim is that success on the merits of Plaintiff's § 1983 claim would mean access to the hairs for testing. It would not necessarily mean release from prison or a speedier release or a lessened sentence. *Heck* does not bar Plaintiff from proceeding with his § 1983 claim.

### **Constitutional Right to Post-Conviction Access to DNA**

The second prong of Plaintiff's § 1983 claim requires a predicate constitutional violation to support his request for relief. Plaintiff essentially makes a claim that he has a due process right to the hairs. Defendants argue that Plaintiff has no constitutional right to the evidence and more importantly, that he has failed to assert a valid constitutional violation has occurred. Moreover, Defendants assert that Plaintiff's claim is a successive claim under 28 U.S.C.A § 2244.

The Court is not persuaded that Plaintiff has stated a predicate constitutional violation to support his § 1983 claim. Arkansas has adopted a statute that permits post-conviction access to evidence for DNA testing in limited circumstances. *See*, Ark. Code Ann §16-112-201. Plaintiff petitioned the court for relief under this statute in Hot Spring County Circuit Court. The state trial court denied his requested testing and Nance has an appeal pending in the Arkansas Appellate Courts. Notwithstanding, the denial of his requested relief, Plaintiff was afforded due process. If the Circuit Court did not apply the statute appropriately, it is proper for the state appellate court to craft the appropriate relief by remand. This Court should not interfere with this process by injunction. *Younger v. Harris*, 401 U.S. 37 (1971); *Juidice v. Vail*, 430 U.S. 327, 330 (1977)(applying *Younger* to cases involving state civil proceedings and federal claims under §1983).

As a result, Plaintiff's claim would be in the nature of a successive claim under 28 U.S.C.A. § 2244 and would be prohibited absent permission from the Eighth Circuit Court of

Appeals. *See Gonzalez v. Crosby*, 125 S. Ct. 2641 (2005). Plaintiff has brought this claim to this Court before and it was dismissed. Therefore, this Court will not entertain the issue again. *See* 28 U.S.C.A. § 2244.

## **Conclusion**

For the above stated reasons, Plaintiff's Complaint for relief pursuant to 42 U.S.C.A. § 1983 [Doc. No. 2] is DISMISSED and Plaintiff's Motion for Temporary Stay of Execution [Doc. No. 3] is DENIED.

IT IS SO ORDERED this __28th__ day of November, 2005

_____
James M. Moody
United States District Judge